## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RICKEY WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-CV-0449-TCK-SH** |
| | ) | |
| **JANET DOWLING, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Plaintiff Rickey White, a state prisoner appearing pro se, brings this federal civil rights action pursuant to 42 U.S.C. § 1983.[1]  Dkt. 2-2.  Defendants Janet Dowling, Amy Vann, Clayton Bryson, Creighton White, and Officer Diann Hubbard have moved to dismiss the action, and White has submitted a response in opposition to the motion.[2]  Dkt. 13, 19.  For the reasons discussed herein, the Court converts Defendants' motion to a motion for summary judgment and GRANTS the motion on the basis that White failed to exhaust administrative remedies.

I.   LEGAL STANDARD

Defendants have moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of

---

[1] White initiated his civil action in the District Court of Osage County, Oklahoma.  On October 17, 2022, Defendants removed the action to federal court, pursuant to 28 U.S.C. § 1441. Dkt. 2.

[2] White initially named both Officer D. Hubbard and Officer Diann Hubbard as defendants in this action.  Dkt. 2-2, at 1.  On December 2, 2022, the Court dismissed Officer D. Hubbard, finding that "White's allegations in the Petition suggest that Officer D. Hubbard and Officer Diann Hubbard are the same person."  Dkt. 9, at 2 n.2.  Though both Officer D. Hubbard and Officer Diann Hubbard are named as moving defendants in the March 1, 2023, motion currently before the Court, Officer Diann Hubbard later moved to file a responsive pleading out of time and submitted a separate motion to dismiss on substantially the same bases.  *See* Dkts. 15, 17, 21. Because the Court finds that the March 1, 2023, motion should be granted, Officer Diann Hubbard's separate motion is moot.

Civil Procedure.  Defendants, however, rely in part on documents outside of the pleadings in support of their argument that White failed to exhaust administrative remedies.  Generally, a Rule 12(b)(6) motion "must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'"  *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(d)).  Before treating a motion to dismiss as a motion for summary judgment, courts must give notice to the parties "to prevent 'unfair surprise.'"  *Wheeler v. Main Hurdman*, 825 F.2d 257, 259-60 (10th Cir. 1987) (quoting *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)).  When, however, "a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion."  *Wheeler*, 825 F.2d at 260; *see Nichols*, 796 F.2d at 364 ("Where a party has responded in kind to the movant's attempt to convert the motion, that party cannot later claim unfair surprise."); *Bldg. & Constr. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1496 (10th Cir. 1993) ("[P]laintiffs submitted, and in fact were first to submit, materials outside of the pleadings to the court.  As a result, plaintiffs have no legitimate claim that they lacked notice.").

Here, White cannot claim unfair surprise.  White attached several documents pertinent to his exhaustion efforts both to his Petition[3] and his response to Defendants' motion.  *See* Dkt. 2-2, at 11-25; Dkt. 19, at 5-24.  White later filed a motion for summary judgment requesting that the

---

[3] White included in the body of his Petition a "motion" seeking a hearing date and requesting to "add" the documents attached to his Petition as "evidence to his civil case so [the evidence] can be before th[e] Court." Dkt. 2-2, at 9.  White's motion is denied for failure to comply with this Court's local civil rule that "[t]he initiating document should not include any motion." LCvR3-1(d).  However, because the written documents were "attached to the complaint as . . . exhibit[s]," the Court "consider[s] [them] part of the complaint." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

action be resolved under Rule 56 of the Federal Rules of Civil Procedure,[4] and a subsequent motion requesting that the Court "grant him summary judgment." *See* Dkts. 29, 34.  Under these circumstances, the Court concludes White had adequate notice that the Court might convert Defendants' motion.  The Court therefore finds it proper to analyze Defendants' motion under Rule 56 as a motion for summary judgment for the purpose of deciding Defendants' exhaustion defense.

Rule 56 of the Federal Rules of Civil Procedure prescribes that summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine 'if there is sufficient evidence so that a rational trier of fact could resolve the issue either way.'" *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).  A fact is material if it "is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670.  "The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Libertarian Party of N.M. v. Herrera,* 506 F.3d 1303, 1309 (10th Cir. 2007).  The burden then "shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant." *Id.* (internal quotation marks omitted).  The assertion that a fact is or cannot be genuinely disputed must be supported by citation "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

---

[4] Defendants contend, in part, that the Court should deny White's motion for summary judgment due to his failure to comply with Rule 56 of the Federal Rules of Civil Procedure and this Court's Local Civil Rule 56.  A review of the motion reflects that White failed to set forth the material facts or support his assertions with citation to evidentiary material, as required under Local Civil Rule 56.  The Court therefore denies the motion.  LCvR56; *see also* Fed. R. Civ. P. 56(c).

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (quoting *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 806 (10th Cir. 2000)).

When a defendant asserts an affirmative defense in a motion for summary judgment, the defendant "'must demonstrate that no disputed material fact exists regarding the affirmative defense asserted' when the evidence is viewed in the light most favorable to the plaintiff." *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726, 746 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011)). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the plaintiff fails to make this showing, "the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

## II.   DISCUSSION

White alleges that on May 23, 2022, Officer Hubbard intentionally placed him in danger of being stabbed, killed, or otherwise harmed by other inmates at the Dick Conner Correctional Center ("DCCC"). Dkt. 2-2, at 3, 21. White also alleges that Officer Hubbard is responsible for his loss of personal property, including his television, fan, and tennis shoes. *Id.* at 20-22. He contends that Defendants Dowling, Vann, and White, who at the time were the warden, assistant warden, and deputy warden of DCCC, respectively, failed to investigate the alleged conduct and

failed to respond to White's grievances regarding the alleged conduct.  Dkt. 2-2, at 1-7; Dkt. 13, at 10.

Defendants argue that White failed to exhaust his administrative remedies prior to filing this action, in contravention of the Prison Litigation and Reform Act ("PLRA").  Dkt. 13, at 11-16.  The PLRA prescribes that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA exhaustion requirement requires proper exhaustion," including "compliance with [a correctional facility's] deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006).  The prisoner must use "all steps that the [correctional facility] holds out, and [do] so *properly*." *Id.* at 90 (citation omitted).  Under the PLRA, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing [his] § 1983 claim" in federal court. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).  The PLRA's exhaustion requirement, however, extends only to administrative remedies that are "available." *May v. Segovia*, 929 F.3d 1223, 1234 (2019) (citing *Ross v. Blake*, 578 U.S. 632, 638 (2016)). "Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross*, 578 U.S. at 644).  Further, "the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Jernigan*, 304 F.3d at 1032.

The Oklahoma Department of Corrections' ("ODOC") grievance procedure utilized by DCCC requires an inmate initially to attempt informal resolution by communicating with staff

regarding the issue.  Dkt. 12-7, at 8.  If the conversation does not resolve the matter, the inmate must submit a written Request to Staff ("RTS") within seven days of the incident.  *Id.* at 8-9.  If the inmate is dissatisfied with the response received from the Request to Staff, he or she may file a formal grievance with the appropriate reviewing authority within fifteen days.  *Id.* at 11-12.  If, however, the assigned staff member does not respond to a RTS within 30 days of receipt, the inmate has 60 days from the date the RTS was submitted to file a formal grievance to the reviewing authority "only address[ing] the issue of the lack of response."  *Id.* at 10-11.  Finally, the inmate may appeal the reviewing authority's response to the formal grievance within fifteen days of its receipt.  *Id.* at 15.  Under the policy, RTSs, formal grievances, and grievance appeals must adhere to certain requirements as to form and substance.  *Id.* at 7-18.

Defendants argue that, though White submitted multiple RTSs, he submitted only one grievance in 2022, which was not relevant to his federal claims, and he failed to appeal the grievance response.  Dkt. 13, at 14-16.  This assertion is supported by the record.  *See* Dkt. 12-8, at 4 (DCCC's grievance log reflecting Grievance No. 22-073 as the sole grievance submitted by White in 2022); Dkt. 12-9, at 3 (Grievance No. 22-073, relating to transfer and non-association requests); Dkt. 12-11, at 2 (affidavit of the manager of ODOC's Administrative Review Authority ("ARA"), asserting that the "ARA has not received a grievance, grievance appeal or any correspondence from inmate White regarding the actions of Officer Hubbard or the staff at [DCCC]."  Dkt. 12-11, at 2.  White did attach to his Petition an inmate grievance form dated July 9, 2022, in which he asserts that Officer Hubbard sought to have him harmed and was responsible for the loss of his personal property.  Dkt. 2-2, at 24-25.  White also asserts in the grievance that he did not receive a response to two RTSs regarding these matters.  *Id.*  There is no indication, however, that the reviewing authority received the grievance.  The portion of the form requiring

6

DCCC's notation of the grievance number, grievance code, and response date is blank, and the form does not contain a DCCC stamp indicating receipt. *Compare id.* at 24, *with* Dkt. 12-9, at 3. Even if the Court were to assume that White submitted the grievance, the record does not reflect that he completed the grievance process with an appeal. Accordingly, White has failed to demonstrate the existence of a genuine factual dispute as to his failure to properly complete all steps required under DCCC's grievance policy.

Because White did not exhaust his administrative remedies prior to pursuing this § 1983 action, his claims are barred absent a showing that prison officials rendered administrative remedies unavailable. White alleges in his pleading that DCCC staff "agree[d] not to respon[d]" to his grievance submissions. Dkt. 2-2, at 3. The record, however, belies this assertion. Each RTS addressing White's claims contains a response. *See* Dkt. 12-12, at 2, 4-6, 10-11, 17-19. If prison officials had failed to respond to an RTS, the prison policy provided White the opportunity to file a formal grievance to the reviewing authority "address[ing] the issue of the lack of response." Dkt. at 10-11. There is no evidence that White properly utilized this procedural mechanism. Accordingly, White has not demonstrated that prison officials thwarted his exhaustion efforts or that administrative remedies were otherwise rendered unavailable. For these reasons, the Court determines that no material factual dispute exists on the issue of White's failure to exhaust administrative remedies and Defendants are entitlement to judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Defendants' Motion (Dkt. 13), converted to a motion for summary judgment, is GRANTED;

2. White's motion to "add" documents (Dkt. 2-2, at 9), which he attached to his Petition, is DENIED for failure to comply with Local Civil Rule 3-1(d);

3. White's motion for summary judgment (Dkt. 29) is DENIED for failure to comply with Local Civil Rule 56;

4. all additional pending motions (Dkts. 21, 27, 28, 31, 34, 35, 36) are DENIED as moot; and

5. a separate judgment shall be entered in this matter.

**DATED** this 1st day of November, 2023.

TERENCE C. KERN
United States District Judge